XIAN YAO LIN, Petitioner,

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0329–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director, Office of Immigration Litigation; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and JOHN M. WALKER, JR., Circuit Judges.

### *SUMMARY ORDER*

Petitioner Xian Yao Lin, a native and citizen of the People's Republic of China, seeks review of a December 26, 2007 order of the BIA denying his motion to reopen. *In re Xian Yao Lin,* No. A073 576 354 (B.I.A. Dec. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen.

Lin argues that the BIA erred in concluding that he failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Although Lin argues that the agency erred in rejecting documents in the record solely based on his failure to properly authenticate them pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S.*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Lin's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Further, there is nothing in the BIA's decision compelling the conclusion that it failed to take into account all of Lin's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen,* 471 F.3d at 337 n. 17.

Finally, the BIA's determination that Lin was ineligible to file a successive asylum application was also not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).